*O. B. Hewett*, for the respondent.

---

SELDEN N. MERRIAM, PLAINTIFF IN ERROR, V. S. H. CALHOUN AND J. H. CROXTON, DEFENDANTS IN ERROR.

**Principal and Agent.** Where an agent is clothed with ample powers to buy and sell real estate, institute and defend suits in the name of his principal, actual notice to him in relation to the subject matter of the agency is actual notice to the principal, and is a valid defense on a motion to set aside a judgment rendered by default canceling a tax deed.

ERROR to the district court for Otoe county.   Tried be-
low before POUND, J.

*Watson & Wodehouse*, for plaintiff in error, cited: *Kep-
ley v. Irwin*, 14 Neb., 300.

*S. H. Calhoun*, for defendants in error, cited:   *Newlove
v. Woodward*, 9 Neb., 504.

MAXWELL, J.

In January, 1882, the defendants in error commenced
an action against the plaintiff in error in the district court
of Otoe county to redeem certain lands claimed by them,
which had been sold to the plaintiff in error for taxes and
a tax deed obtained.   The plaintiff in error being a non-
resident of the state service was had upon him by publica-
tion.   At the April term, 1883, of the district court of that
county, a decree was rendered by default, in which the
court finds that the tax deed is invalid and that the amount
of taxes due, with interest at twelve per cent, was the sum
of $552.40, which the defendants in error were required to
pay to the clerk of the court, and thereupon the tax deed
was set aside.   In July, 1883, the plaintiff in error filed an
answer to the petition and filed a motion upon proper no-
tice to set aside the default and be let in to defend.   The
motion was overruled by the court, and the cause is brought
to this court by petition in error.

Sec. 82 of the code provides that "a party against whom
a judgment or order has been rendered without other ser-
vice than by publication in a newspaper, may, at any time
within five years after the date of the judgment or order,
have the same opened and be let in to defend; before the
judgment or order shall be opened, the applicant shall give
notice to the adverse party of his intention to make such
application, and shall file a full answer to the petition, pay

all costs, if the court require them to be paid, and make it
appear to the satisfaction of the court by affidavit that
during the pendency of the action he had no actual notice
thereof in time to appear in court and make his defense.
*   *   *   The adverse party, on the hearing of an ap-
plication to open a judgment or order as provided by this
section, shall be allowed to present counter affidavits to
show that during the pendency of the action the applicant
had notice thereof in time to appear in court and make his
defense."

The record contains an affidavit of the defendant,
wherein he states that he had no actual notice of the
pendency of the action. To show that the defendant had
actual notice of the pendency of the action, the plaintiffs
introduced in evidence a power of attorney from Selden N.
Merriam and wife to W. D. Merriam, by which he is con-
stituted their "true and lawful attorney for us and in our
names, places, and steads to bargain and sell any and all
real estate that we now own or may hereafter own in the
state of Nebraska," etc.

They also introduced affidavits showing that W. D.
Merriam was a son of Selden N. Merriam, and had the en-
tire control of his business in this state; that W. D. Mer-
riam had actual notice of the pendency of the action, but
said he would not make any appearance therein because he
"was afraid if he entered an appearance in said suit it
would preclude him from getting from the said Otoe county
the difference between the twelve per centum interest that
said plaintiffs would have to pay therein and the forty per
centum which he claimed the statute would give him on
the sale thereof."

The affidavits in the record show beyond question that
W. D. Merriam had full and ample powers in the prem-
ises; that for years before that time he had employed attor-
neys in cases in which his father was interested—that in
fact he had conducted his father's business that so far as

appears principally related to tax titles in the same manner as if it had been his own.   This being so, actual notice to him was actual notice to the defendant.   The question is not whether service could lawfully be made on the agent, because service by publication was made on the proper party—the defendant, but whether the defendant, through his agent having charge and control of his real property in this state, had actual notice of the pendency of the action.

This is proved beyond the possibility of dispute.   Notice of facts to an agent is constructive notice thereof to the principal himself, where it arises from or is at the time connected with the subject matter of the agency; for upon general principles of public policy it is presumed that the agent has communicated such facts to the principal; and if he has not, still the principal having intrusted the agent with the particular business, the other party has a right to deem his acts and knowledge obligatory upon the principal. Story on Agency, § 140.   Notice to the agent who purchases lands of a trust attaching thereto will charge the principal with notice of such trust.   So of an incumbrance or other matter affecting the title to the same.   If the defendant should purchase land while an action was pending which might affect the title to the same, and the agent making the purchase had notice of the pendency of such action, the notice of the agent would be notice to the principal, and the same rule will apply in this case.   There is no error in the record, and the judgment must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.